UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-1154-HEA |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Christopher Williams' application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

**The Petition**

Petitioner, an inmate at the Southeast Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 13, 2003

conviction for first degree robbery, armed criminal action, and first degree burglary imposed by the Circuit Court of the County of St. Louis, Missouri. Petitioner states that he was sentenced to concurrent sentences of life, thirty-five years, and fifteen years. The Missouri Court of Appeals affirmed the conviction on April 6, 2004. Thereafter, petitioner filed a Rule 24.035 motion for post-conviction relief with the trial court. The motion was denied, and the Missouri Court of Appeals affirmed the decision on September 1, 2009. *See Williams v. State*, 291 S.W.3d 377 (Mo.App.E.D. 2009). In the instant action, petitioner asserts numerous grounds of ineffective assistance of trial, appellate, and post-conviction counsel. He also alleges that the trial court committed prejudicial error by allowing the introduction of certain evidence and refusing to allow defense counsel to question a witness from the St. Louis County Lab. He also claims that his right against double jeopardy was violated.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C.

§ 2244(d)(1)[1] and is subject to summary dismissal.  The denial of petitioner's Rule 24.035 motion was affirmed on September 1, 2009; however, the instant application for federal habeas corpus relief was not signed until June 10, 2013, well after the running of the one-year limitations period.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 16th day of July, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE